IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEKSANDR J. STOYANOV, | * | |
| Plaintiff *pro se*, | * | |
| v. | * | Civil Action No.: RDB 05-1567 |
| DONALD C. WINTER, SECRETARY OF THE NAVY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| YURI J. STOYANOV, | * | |
| Plaintiff *pro se*, | * | |
| v. | * | Civil Action No.: RDB 05-1611 |
| DONALD C. WINTER, SECRETARY OF THE NAVY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before this Court are two motions: Plaintiff Aleksandr J. Stoyanov's Request to Reconsider Order and Judgment of 7/25/06 and Plaintiff Yuri J. Stoyanov's Request to Reconsider Order and Judgment of 7/25/06. These motions are considered under Fed. R. Civ. P. 59(e).[1] The United States Court of Appeals for the Fourth Circuit recognizes only three grounds

---

[1] *See Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 573 n.2 (4th Cir. 2004) (stating that a motion filed within 10 days after a judgment order was entered should have been considered by the district court under Rule 59(e)) (citing *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978) ("While not condoning the misstyling of motions, we nonetheless agree that if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e),

for revisiting a settled matter under this rule: "(1) to accommodate an intervening change in the law; (2) to account for new evidence [not previously available]; and (3) to correct a clear error of law or prevent manifest injustice." *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (citation omitted).  Here, the motions filed by Plaintiffs fail to establish sufficient grounds for revisiting the matters addressed by this Court in its Memorandum Opinion and Orders issued July 25, 2006.  Accordingly, Plaintiffs' Requests to Reconsider Order and Judgment of 7/25/06 are DENIED.[2]  Separate Orders will follow with respect to these two civil actions.


Dated: August 9, 2006                              /s/
                                                   Richard D. Bennett
                                                   United States District Judge

---

however it may be formally styled."); *see also United States  v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006) ("Rule 59(e) and Rule 60(b)(2) are analyzed identically.")

   [2]    *Cf. Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (noting that motions for reconsideration under Rule 59 are limited in scope and are not to be used to "'rehash' the same arguments and facts previously presented"); *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) ("A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'") (citation omitted).