## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALEKSANDR J. STOYANOV,    :

   Plaintiff *pro se*,    :

v.           :

DONALD C. WINTER,     :
SECRETARY OF THE NAVY,
            :
   Defendant.
_____:  **Consolidated Civil**
              **Action No.: RDB-05-1567**
YURI J. STOYANOV,     :

   Plaintiff *pro se*,    :

v.           :

DONALD C. WINTER,     :
SECRETARY OF THE NAVY,
            :
   Defendant.

...oOo...

### MOTION FOR PROTECTIVE ORDER

  Donald C. Winter, Secretary of the Navy, defendant herein, by his attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, pursuant to Fed. R. Civ. P. 26(c), moves for a protective order to preclude Plaintiffs from taking the deposition of David Caron, Esquire, agency counsel for Defendant, and for reasons states:

  1.  In late August 2006, Aleksandr Stoyanov, a plaintiff herein, telephoned undersigned counsel and requested that David Caron, Esquire, agency counsel for Defendant, be produced for

deposition.  Undersigned counsel informed Mr. Stoyanov that Mr. Caron's testimony is precluded and protected by the attorney-client privilege and the attorney work product doctrine.  Undersigned counsel explained that because Mr. Caron is an attorney for the Navy and represents the Navy in all administrative EEO proceedings filed by Mr. Stoyanov and his brother, Mr. Caron would not be produced for deposition.  In addition, undersigned counsel reminded Mr. Stoyanov that efforts to depose Mr. Caron at the administrative level were unsuccessful.

2.      During the morning of September 21, 2006, Aleksandr Stoyanov telephoned undersigned counsel and requested that Mr. Caron be produced for deposition.  Again, undersigned counsel informed Mr. Stoyanov that Mr. Caron would not be produced.

3.      On the afternoon of September 21, 2006, undersigned counsel received via facsimile a document entitled "Plaintiffs Notice of Depositions".  *See* Plaintiffs' Notice of Depositions, attached hereto as Exhibit ("Ex.") 1.  The deposition notice provided that Plaintiffs would take Mr. Caron's deposition on September 29, 2006.[1]  *Id.*

4.      On September 26, 2006, Aleksandr Stoyanov telephoned undersigned counsel and inquired as to whether Mr. Caron would be produced for deposition on September 29, 2006.  Undersigned counsel informed Mr. Stoyanov that Mr. Caron would not be produced for deposition because Mr. Caron's testimony is precluded and protected by the attorney-client privilege and the attorney work product doctrine, and undersigned counsel was not available to participate in a

---

[1] Contrary to Discovery Guideline 4, Plaintiffs failed to coordinate with undersigned counsel in scheduling Mr. Caron's deposition by unilaterally picking a date and time for the deposition. Plaintiffs also selected a date in which undersigned counsel was to respond to their Notice of Deposition without consulting undersigned counsel or consideration of undersigned counsel's busy calendar.

deposition on September 29, 2006.

5.      On September 28, 2006, plaintiff Aleksandr Stoyanov filed a motion to compel the deposition of David Caron, Esquire.  (Docket No. 51).

6.      Plaintiffs should be precluded from taking the deposition of Mr. Caron because of his status as the Navy's attorney in the EEO proceedings filed by Plaintiffs and his role as agency counsel in the cases pending presently before the Court.  Mr. Caron defended the underlying administrative EEO claims related to the actions pending presently before the Court.  In addition, Mr. Caron is defending numerous other administrative EEO claims filed by Plaintiffs against the Navy.  Mr. Caron is also assisting undersigned counsel in the defense of Plaintiffs claims pending before the Court.  Thus, Mr. Caron's testimony is protected by the attorney-client privilege and attorney work product doctrine.

7.      Generally, federal courts disfavor the practice of taking the deposition of a party's attorney.  *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).  Indeed, an effort to depose a party's litigation counsel, by itself, constitutes good cause for a protective order.  *See Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001).  As noted by the Eighth Circuit,

> [t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear

> of being interrogated by his or her opponent. Moreover, the "chilling effect" that
> such practice will have on the truthful communications from the client to the attorney
> is obvious.

*Shelton*, 805 F.2d at 1327.  Moreover, the "deposition of the attorney [usually] merely embroils the

parties and the court in controversies over the attorney-client privilege and more importantly,

involves forays into the area most protected by the work product doctrine--that involving an

attorney's mental impressions or opinions." *Securities and Exchange Commission v. Morelli*, 143

F.R.D. 42, 47 (S.D.N.Y. 1992) (quoting *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc*., 117 F.R.D.

83, 85 (M.D.N.C.1987)).

       8.     Circumstances may arise, however, in which a court should order the taking of

opposing counsel's deposition.  *Shelton*, 805 F.2d at 1327.  Those circumstances should be limited

to where the party seeking to take the deposition has shown that (1) no other means exist to obtain

the information than to depose opposing counsel; (2) the information sought is relevant and non-

privileged; and (3) the information is crucial to the preparation of the case. *Id*. (citations omitted).

*See also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (discovery

from an opposing counsel is limited to where the party seeking to take the deposition has shown that

no other means exist to obtain the information and that it is crucial to the preparation of the case);

*Securities and Exchange Commission v. Buntrock*, 217 F.R.D. 441, 444 (N.D. Ill. 2003) (a party

seeking to depose opposing counsel must show that no other means exist to obtain the information,

that the information sought is not relevant or privileged, and that the information is crucial to

preparation of the case); *New York v. Solvent Chem. Co.*, 214 F.R.D. 106, 111 (W.D.N.Y. 2003) (a

court should allow the taking of opposing counsel's deposition only where the party seeking the

discovery has shown that no other means exist to obtain the information and that the information is crucial to preparation of the case).

9.      In this case, Plaintiffs failed to show that (1) no other means exist to obtain the information than to depose Mr. Caron; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.  In their notice of deposition, Plaintiffs allege that "the deposition of [Mr.] Caron is crucial for establishing intentional discrimination and retaliations against Plaintiffs...."  *See* Ex. 1, p. 3.  At the administrative level, Plaintiffs were provided all non-privileged/non-work product information and were permitted to depose numerous agency witnesses.  Because Plaintiffs were provided ample opportunities to obtain discovery during the administrative proceedings and have been provided the opportunity to conduct discovery related to their retaliation claims in their actions filed with this Court, Plaintiffs cannot demonstrate that no other means exist to obtain the information other than to depose Mr. Caron.[2] In addition, Plaintiffs failed to identify specifically which non-privileged information, if any, that Mr. Caron holds exclusively.  Second, Plaintiffs have failed to establish that the information sought from Mr. Caron is relevant and non-privileged.  Mr. Caron played no role in the promotion/firing decisions by the Navy pertaining to Plaintiffs and, therefore, it is not clear how his testimony would be relevant to Plaintiffs' claims.  Because Mr. Caron was acting and continues to act in his capacity as the Navy's attorney in defending the EEO claims brought by Plaintiffs, it is improbable that any

---

[2]  Plaintiffs' efforts to compel Mr. Caron to appear for deposition were unsuccessful at the administrative level.  *See* Marginal order from Administrative Law Judge David Norken, attached hereto as Ex. 2.  Despite their efforts to depose Mr. Caron, Plaintiffs were able to present and argue their claims at the administrative level without the benefit of deposing Mr. Caron.

of Mr. Caron's testimony would not be protected by the attorney-client privilege or the attorney work product doctrine.  In the motion to compel, Plaintiffs failed to explain how or why the testimony sought from Mr. Caron is relevant and not subject to the attorney-client privilege or attorney work product doctrine.  Last, Plaintiffs failed to show that the testimony sought from Mr. Caron is crucial in the preparation of their case.  Plaintiffs offer nothing more than an unsupported statement that "the deposition of [Mr.] Caron is crucial for establishing intentional discrimination and retaliation...."  *See* Ex. 1, p. 3.  Indeed, Plaintiffs offer no explanation as to how or why Mr. Caron's testimony is crucial to the preparation of their respective retaliation claims against the Navy. *Id*.  Accordingly, Plaintiffs' request to depose Mr. Caron should not be permitted.

WHEREFORE, for all of the foregoing reasons, Donald C. Winter, Secretary of the Navy, defendant herein, respectfully requests that the Court deny Plaintiffs motion to compel and enter a protective order precluding Plaintiffs from taking the deposition of the Navy's counsel, David Caron, Esquire.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

Date:____October 3, 2006____          By:_____/s/_____
                                                       John W. Sippel, Jr.
                                                       Assistant United States Attorney
                                                       Federal Bar no.: 25484
                                                       36 S. Charles Street, Fourth Floor
                                                       Baltimore, Maryland 21201
                                                       (410) 209-4807
                                                       (410) 962-9947 facsimile

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___3rd___ day of October, 2006, a copy of Defendant's

Motion for Protective Order was mailed, postage pre-paid, to:

                Aleksandr J. Stoyanov
                7560 Pindell School Road
                Fulton, Maryland 20759

                Yuri J. Stoyanov
                7560 Pindell School Road
                Fulton, Maryland 20759

                                      /s/
                                  John W. Sippel, Jr.
                                  Assistant United States Attorney