IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEKSANDR J. STOYANOV,

      Plaintiff *pro se*,

v.

DONALD C. WINTER,
SECRETARY OF THE NAVY, *et al.,*

      Defendants.

\*

\*

\*

\*

\*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Civil Action No.: RDB 05-1567

YURI J. STOYANOV,

      Plaintiff *pro se*,

v.

DONALD C. WINTER,
SECRETARY OF THE NAVY, *et al.,*

      Defendants.

\*

\*

\*

\*

\*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Civil Action No.: RDB 05-1611

<u>MEMORANDUM OPINION</u>

Pending before this Court are two motions: (1) Plaintiffs Aleksandr J. Stoyanov and Yuri J. Stoyanov's Motion to Impose Sanctions against Defendant (Paper No. 71), and (2) Plaintiffs' Motion to Impose Sanctions against Defendant for Denying Information During the Deposition of David Caron (Paper No. 72). This Court has reviewed these motions in light of Rules 30 and 37 of the Federal Rules of Civil Procedure and this Court's Local Rules governing the conduct of depositions.

Plaintiffs make two basic arguments. First, Plaintiffs contend that Defendant failed to comply with this Court's Order issued November 7, 2006 regarding inspection and copying of

documents.  Second, Plaintiffs allege that counsel to Defendant engaged in improper conduct

during the November 16, 2006 deposition of David Caron.  Based on these arguments, Plaintiffs

request that this Court enter default judgment in favor of Plaintiffs and against Defendant.

Under Rule 37(b) of the Federal Rules of Civil Procedure, a district court may impose

sanctions, including dismissal or default judgment, for a party's failure to comply with the court's

discovery orders.  Fed. R. Civ. P. 37(b)(2)(C); *see National Hockey League v. Metropolitan*

*Hockey Club*, 427 U.S. 639, 642 (1976); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40

(4th Cir. 1995).  "While the imposition of sanctions under Rule 37(b) lies within the trial court's

discretion, 'it is not a discretion . . . without bounds or limits.'"  *Hathcock*, 53 F.3d at 40

(quoting *Wilson v. Volkswagon of America*, 561 F.2d 494, 503 (4th Cir. 1977)); *see also*

*Anderson v. Foundation for Adv., Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir.

1998).  However, "the range of discretion is more narrow" with respect to the sanction for

default judgment than it is for less severe sanctions.  *See Hathcock*, 53 F.3d at 40 (citing *Wilson*,

561 F.2d at 503).

District courts consider the following factors before imposing the sanction of default

judgment:

> (1) whether the noncomplying party acted in bad faith; (2) the amount
> of prejudice the party's noncompliance caused the opposing party,
> which necessarily includes an inquiry into the materiality of the
> evidence that the noncomplying party failed to produce; (3) the need
> for deterrence of the particular sort of noncompliance; and (4) the
> effectiveness of less drastic sanctions.

*Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989).  To

warrant default judgment, the offending party's conduct in the litigation must demonstrate a

"pattern of indifference and disrespect to the authority of the court."  *Id.* at 93; *see also Wilson v.*

2

*Volkswagen of America*, 561 F.2d 494, 499-516 (4th Cir. 1977).

After reviewing Plaintiffs' moving papers, this Court will DENY Plaintiffs' motions for sanctions. With respect to the deposition of David Caron, Plaintiffs have not alleged sufficient specific facts to warrant the imposition of sanctions of any sort, let alone default judgment.[1] With respect to paper documents, Plaintiffs fail to provide grounds for concluding that Defendant has not complied with this Court's Order that "to the extent that no privilege applies, the documents discussed during the hearing shall be made available to Plaintiffs." Order, 11/7/06, p. 3. Finally, with respect to electronic documents, Defendant has complied with this Court's November 7 Order by explaining that "back-up tapes do not exist . . . [because they] were repeatedly recycled (over-writing all existing data) and replaced." (Letter dated November 17, 2006 from Defendant to this Court (copies of this letter were provided to Plaintiffs).[2])

In sum, the motions filed by Plaintiffs fail to establish sufficient grounds for imposing the requested sanction of default judgment (or any other sanctions) upon Defendant. Accordingly,

---

[1] This Court notes that United States Magistrate Judge Beth P. Gesner presided over the deposition of David Caron. *See* Order, 11/7/06, p. 3 ("A Magistrate Judge of this Court will be available to resolve any disputes that arise in connection with the deposition of Mr. Caron."). Although available throughout the course of the deposition, Judge Gesner indicated to this Court that Plaintiffs never sought her assistance. Plaintiffs' decision to file the instant motions for sanctions without first seeking to resolve their disputes with the help of Judge Gesner obviously defeats the purpose of having Judge Gesner available during the deposition and, in addition, provides additional reason for denying Plaintiffs' request for sanctions.

[2] *See also* Order, 11/7/06, p. 7 ("With respect to Plaintiffs Aleksandr J. Stoyanov and Yuri J. Stoyanov's oral motion for electronic copies of emails from Defendant's electronic backups or archives, this Court instructed Defendant to advise this Court and Plaintiffs by letter whether such electronic backups or archives exist and, if they do, how burdensome it would be to produce such emails.").

Plaintiffs' Motions for Sanctions are DENIED.  A separate Order follows.


Dated: December 7, 2006                    /s/_____
                                           Richard D. Bennett
                                           United States District Judge