IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEKSANDR J. STOYANOV, | * | |
| Plaintiff *pro se*, | * | |
| v. | | Civil Action No.: RDB 05-1567 |
| | * | |
| DONALD C. WINTER, SECRETARY OF THE NAVY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| YURI J. STOYANOV, | * | |
| Plaintiff *pro se*, | * | |
| v. | | Civil Action No.: RDB 05-1611 |
| | * | |
| DONALD C. WINTER, SECRETARY OF THE NAVY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On December 7, 2006, this Court issued a Memorandum Opinion and Order denying Plaintiffs Aleksandr J. Stoyanov and Yuri J. Stoyanov's Motion to Impose Sanctions against Defendant, and Plaintiffs' Motion to Impose Sanctions against Defendant for Denying Information During the Deposition of David Caron.  Currently pending before this Court is Plaintiffs' Motion to Reconsider December 7, 2006 Order and to Impose Sanctions against Defendant.  Plaintiffs' submission has been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Plaintiffs' Motion to Reconsider is DENIED.

This Court's December 7, 2006 Order is an interlocutory order under Rule 54(b) of the Federal Rules of Civil Procedure. As a result, it "is subject to reconsideration at any time prior to entry of a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); *see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Although the precise legal standard for reconsidering an interlocutory order under Rule 54(b) is unclear, this Court is guided by principles for reconsidering decisions that have become the law of the case. *See*, *e.g.*, *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (decisions that have become law of the case must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.") (internal quotation marks omitted).

The primary difference between the motion to reconsider and the prior motions for sanctions is that attached to the former is a transcript of the deposition of David Caron. In all other respects, the instant motion rehashes arguments, allegations, and accusations that this Court rejected in its prior Memorandum Opinion and Order. As a result, Plaintiffs' Motion to Reconsider December 7, 2006 Order and to Impose Sanctions against Defendant will be DENIED. A separate Order follows.

Dated: December 20, 2006            /s/_____
                                    Richard D. Bennett
                                    United States District Judge